IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:09-CV-00379-RJC-DCK

| | |
|---|---|
| MORGARDSHAMMAR, INC., | ) |
| Plaintiff, | ) **STIPULATED** |
| v. | ) **PROTECTIVE ORDER** |
| . | ) |
| DYNAMIC MILL SERVICES CORPORATION; ERNESTO BOSCH, KEITH GARDNER, and RICHARD SANDERS | ) ) ) |
| Defendants. | ) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Morgardshammar, Inc. ("Morgardshammar") and Defendants Dynamic Mill Services Corporation ("DMS"), Ernesto Bosch ("Bosch"), ("Gardner"), and ("Sanders") (collectively the "Defendants") hereby stipulate and agree to the following terms for the purposes of facilitating discovery—particularly the exchange of documents, electronic data, things, information, testimony, and/or other evidence that the parties may consider to be confidential business information.

IT IS HEREBY ORDERED:

1. Subject to the terms of this Stipulated Protective Order, the parties or a non-party may in good faith designate documents, information, and things as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," depending on the sensitivity of the document or thing. Documents and things may be designated as "CONFIDENTIAL" to the extent a party or non-party in good faith considers such documents or things to contain confidential and/or proprietary information not otherwise known or available to the public. Documents and things may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the extent a party or non-party in good faith considers such documents or things to contain information that is (1) highly confidential or especially sensitive technical, scientific, or business information; (2) trade secrets within the meaning of the North Carolina Trade Secrets

Protection Act; or (3) other information the disclosure of which to a receiving party may threaten competitive harm to the producing party.

2. Discovery in this proceeding of a non-party may involve disclosure of its "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" information, which, if designated pursuant to section 1, shall be subject to the provisions of this Stipulated Protective Order and provide the non-party with all of the rights and obligations of a party to this Stipulated Protective Order. Regardless of the level of confidentiality given to documents or things produced by any third party, the parties agree to treat all such materials as if they were designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of ten (10) business days from the date of production by the third party. Thereafter, the documents and things produced by the third party shall be treated according to the level of confidentiality, if any, given to them by the third party or as the parties may otherwise mutually agree.

3. With respect to all documents and things produced by a party or non-party to this action for inspection and copying that are designated as "CONFIDENTIAL" by the producing party, the documents and things, and the information contained therein, shall be received and used only for purposes related to this action unless the producing party expressly consents in writing to another use. Such documents and things, and the information contained therein, may not be used in, or to form the basis for, any other litigation or administrative proceeding and may not be used for promotional or competitive or any other purposes. Information, documents, or things designated "CONFIDENTIAL" may be disclosed by the recipient thereof only to: (a) Outside Litigation Counsel, and their authorized secretarial, clerical, and legal-assistant staff; (b) for Defendants: Ernesto Bosch, Keith Gardner and Richard Sanders; (c) for Plaintiff: no more than three (3) officers, directors, members, managers, and/or employees (including in-house counsel) to whom Outside Litigation Counsel believe in good faith disclosure is reasonably necessary for the prosecution or defense of this litigation (Plaintiff may elect to include officers, directors, members, managers and/or employees of Morgårdshammar A.B. or Danieli & C Officine Meccaniche S.p.A. as one or more of its three designees); (d) outside consultants and experts (including their staff), subject to the provisions of paragraph 7; (e) the Court and Court personnel, subject to paragraph 8; (f) court reporters employed in connection with this litigation; (g) outside copying and computer services necessary for document handling and other litigation support (e.g. graphic designers and animators); and (h) the author of the document. All

persons who receive materials that have been designated merely as "CONFIDENTIAL" pursuant to subsections (b) and (c) shall first be shown a copy of this Order and shall be required to execute the Confidentiality Agreement attached hereto as Exhibit A, which shall then be served upon counsel for each party that has produced documents or things so designated.

4. With respect to all documents and things produced by a party to this action for inspection and copying that are designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing party, the documents and things, and the information contained therein, shall be kept confidential, and except as noted in paragraphs 5-7 hereof, may be disclosed by the recipient thereof only to: (a) Outside Litigation Counsel, and their authorized secretarial, clerical, and legal-assistant staff; (b) outside consultants and experts (including their staff), subject to the provisions of paragraph 7; (c) the Court and Court personnel, subject to paragraph 8; (d) court reporters employed in connection with this litigation; (e) outside copying and computer services necessary for document handling and other litigation support (e.g. graphic designers and animators); and (f) the author of the document. Such documents and things, and the information contained therein, shall be received and used only for purposes related to this action, unless the producing party expressly consents in writing to another use. Furthermore, such documents and things, and the information contained therein, may not be used in, or to form the basis for, any other litigation or administrative proceeding and may not be used for promotional, competitive, or any other purposes.

5. In the event Outside Counsel for either party determines that disclosure of "Confidential-Attorney Eyes Only" information to a party representative is critical to the adequate representation of that party, counsel shall submit a request to the Court, setting forth the information to be disclosed and the reasons for disclosure. Opposing counsel should be served with a copy of the request with a "Confidential Attorney Eyes Only" designation. A copy should be filed under seal with the Court. Opposing counsel may respond in ten (10) days with the same designation and filing restrictions. The Court will make the ultimate determination with respect to disclosure. Disclosure will only be made to those who execute the Confidentiality Agreement attached hereto as Exhibit A.

6. If depositions are conducted in this action during which information considered to be "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is properly referenced, identified, marked as an exhibit or otherwise disclosed, the transcripts, exhibits

thereto, and any other record of the deposition may be designated and treated in the same manner as any documents and things otherwise subject to this Order. The portions of depositions involving "CONFIDENTIAL" information or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information will be taken with no one present except outside counsel, the reporter, the deponent, and such other persons as would be allowed to receive the information under paragraphs 3 and 4 above, as the case may be. Counsel also shall have twenty (20) business days after receipt of a non-draft deposition transcript to designate, in good faith, specific portions (i.e. pages) thereof as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." From the date of the deposition until expiration of such period, the entire deposition will be treated as subject to protection against disclosure as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order. If any deposition testimony designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is filed with the Court, it shall be filed under seal, shall be marked with reference to this Stipulated Protective Order, and shall not be opened or viewed by anyone other than Court personnel, except upon order of this Court.

7. Documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the information contained in such documents and things, and deposition testimony and transcripts relating to such documents and things may be disclosed to any expert for the parties whom the party retains solely for purposes of this litigation, whether as a consulting or testifying expert. Prior to disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, any consulting or testifying expert receiving information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be provided with a copy of this Stipulated Protective Order and shall execute the Confidentiality Agreement attached hereto as Exhibit A . The copy of Exhibit A executed by any testifying expert shall be served upon counsel for each party that has produced documents or things so designated. The copy of Exhibit A executed by any consulting expert shall be retained by counsel for the party which has hired said expert and produced to opposing counsel only upon an order of the Court or at a time (if any) that such consulting expert is designated as a testifying expert. Further, prior to the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to any expert, whether consulting or testifying, with current employment within the industry in which the parties compete, the party desiring to disclose such information shall first disclose in writing the identity

of the expert to whom the party wishes to disclose the information. The required disclosure shall contain the expert's name, title, and employment information, including current employer and any past employers engaged in the relevant industry. Upon receipt of the written notice, the party whose information is to be disclosed will have ten (10) business days to communicate in writing (which shall include email) an objection to the disclosure of confidential information to said expert and the basis for any such objection. During that time, such designated documents or information shall not be disclosed to the expert in question. The elapsing of the aforementioned ten (10) day period without the requesting party's receipt of a written objection from the opposing party shall operate as a grant of permission for the expert in question to review the materials at issue. The party objecting to the disclosure shall promptly seek the Court's assistance to resolve the matter and shall bear the burden to show that such disclosure is likely to cause actual competitive harm to the objecting party. The expert in question shall not review any matter subject to this paragraph as to which the Court's assistance is invoked until the Court resolves the dispute concerning said expert. Except as provided for herein, nothing in this paragraph 7 shall be deemed to require any additional obligations relating to consulting experts other than those provided under the Federal Rules of Civil Procedure and Rules of Evidence.

8. Unless otherwise stipulated by the parties in writing, in the event a party wishes to submit any information identified as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the Court, the party shall first file a motion pursuant to Local Rules 6.1 and 7.1. Upon granting of such a motion by the Court, the party may then file the information under seal.

9. Copies of documents may be provided in masked form if the masking serves to redact: (a) information protected by the attorney-client privilege; or (b) information protected by the work-product doctrine. If documents are provided in masked form by a party, that party shall also provide to the receiving party a log generally identifying the information masked and stating the purpose for the masking. The receiving party may take issue with the masking of the identified information by filing an appropriate motion with the Court.

10. Information identified as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Stipulated Protective Order may be disclosed in testimony, in hearings, or at the trial of this action or may be entered into evidence at hearings or at the trial of this action, subject to the applicable provisions of the Federal Rules

of Evidence and any further Order that this Court may enter.

11. Acceptance by a party of any information, document, or thing identified as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder shall not constitute a concession that the information, document, or thing is confidential or a trade secret or that it has been properly designated as such.

12. Unless otherwise ordered by the Court, documents or other information identified by any party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and all copies thereof, shall, within 60 days after conclusion of this action by settlement, judgment without appeal, or issuance of a final mandate on appeal, either be: (1) returned to the Party producing such documents, transcripts or information; or (2) destroyed. The producing party shall inform the receiving party whether the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" should be returned or destroyed. If destroyed, such destruction of all such designated materials shall be certified in writing to the producing party. Notwithstanding the foregoing, one outside counsel of record for each party may keep one copy of papers served upon opposing counsel or filed with the Court, expert reports, and deposition transcripts that refer to or incorporate "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

13. Any party shall have the right to challenge any designation by seeking an order of the Court with respect to any information, documents, or things designated by the producing party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." In any such proceeding, the producing party shall have the burden of establishing the need for maintaining such designation. Before seeking any relief from the Court under this paragraph, the parties will make a good-faith effort to resolve any disputes concerning the treatment of any such information.

14. If through inadvertence, error, or oversight, a party or non-party fails to properly designate a document, tangible thing, or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of production or disclosure, that producing party or non-party shall promptly notify the receiving party of such error or oversight as soon as such error or oversight is discovered and shall provide properly designated copies of the particular document(s), tangible thing(s), or information that have been reclassified as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Thereafter, the

receiving party shall return or destroy all clean, unmarked copies of the document; shall mark all other copies with the proper designation; and shall otherwise treat such document(s), tangible thing(s), or information in the same manner as if it had been properly designated or classified originally.  Furthermore, any party who has received such re-classified information and has not agreed to be bound by this Stipulated Protective Order shall execute a statement (Exhibit "A") averring that they have read and understand this Stipulated Protective Order and agree to be bound by its terms.  The receiving party shall have ten (10) business days from the receipt of such notice of reclassification to object to such reclassification in writing.  Upon such an objection being timely made and following consultation between counsel as required by LCvR 7.1(B), this Court shall determine whether such material can properly be reclassified.  In any such proceeding, the producing party shall have the burden of establishing the need for reclassification.  Until such a ruling is made by this Court, the receiving party shall treat such document(s), tangible thing(s), or information in the same manner as if it initially had been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

15. Nothing in this Stipulated Protective Order shall:

(a) Limit a receiving party's use of: (1) documents and information obtained through avenues other than discovery in this action or (2) documents obtained through discovery in this action that subsequently become publicly available through no fault of the receiving party.

(b) Limit the right of the producing party to disclose its own confidential information, such disclosure not being subject to the protective procedures set forth in this Stipulated Protective Order.  Such disclosure shall not result in waiving the claimed confidentiality (except to the extent the disclosure makes the confidential information a matter of public record).

(c) Limit, expand or restrict any party or non-party's right: (1) to resist or compel discovery with respect to materials that the party may claim to be privileged or otherwise not discoverable in this action; or (2) seek additional protection pursuant to the Federal Rules of Civil Procedure.

(d) Limit or restrict any party or non-party's right to attach to, or incorporate the content of, any confidential information in any paper filed with the Court, so long as said party or non-party complies with the provisions of paragraph 8 of this Stipulated Protective Order.

(e) Bar or otherwise prevent any attorney herein from rendering legal advice to his or her client that is based on the attorney's examination or knowledge of "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" provided, however, that in rendering such legal advice and in otherwise communicating with his or her client, such attorney shall not disclose the contents or source of any "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" including to any person not authorized to receive such information under the terms of the various provisions of this Stipulated Protective Order. Violations of this Stipulated Protective Order shall be subject to the contempt powers of the Court and such other sanctions as the Court may deem appropriate.

16. If a producing party, through inadvertence, error, or oversight, produces any document(s) or information that it believes is immune from discovery pursuant to any attorney-client privilege, attorney work-product immunity or any other privilege or immunity from production, such production shall not be deemed a waiver, and the producing party may give written notice to all receiving parties that the document(s) or information so produced is deemed privileged and that the return of the document(s) or information is requested. Upon receipt of such written notice, all receiving parties shall immediately undertake to gather and return the original, and all such copies, to the producing party, and shall promptly destroy any newly created derivative document, such as a summary of, or comment on, the inadvertently produced information. Return of such document(s) or information to the producing party shall not preclude any receiving party from later moving to compel production of the returned document(s) or information, but the motion shall not assert as a ground for production the fact or circumstances surrounding the inadvertent production.

17. In the event that any party is served with a subpoena or other judicial process demanding the production or disclosure of any "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION–ATTORNEYS' EYES ONLY" materials, the party receiving the subpoena or other third party judicial process shall, unless otherwise prohibited by law, provide the other party with a copy of such subpoena or other judicial process within ten (10) business days following receipt thereof and provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought by the party whose interests may be affected.

18. This proposed Stipulated Protective Order shall be in effect upon execution by counsel of the parties hereto. The parties agree to be bound by the terms of this proposed Stipulated Protective Order pending its adoption or modification by the Court. The Court shall retain jurisdiction to resolve any dispute concerning the dissemination or use of information disclosed hereunder.

19. After termination of this action, this Stipulated Protective Order shall continue to be binding upon the parties hereto and all persons to whom "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" has been disclosed or communicated.

20. This Stipulated Protective Order may be modified only if: (1) the parties memorialize their agreement to modify the Stipulated Protective order in a written document that is signed by all parties and subsequently approved by this Court; or (2) upon separate Order of this Court.

IT IS SO ORDERED.

Signed: November 30, 2009

David C. Keesler
United States Magistrate Judge

AGREED TO AS TO SUBSTANCE AND FORM:

| MORGÅRDSHAMMAR, INC. | DYNAMIC MILL SERVICES CORPORATION<br>ERNESTO BOSCH<br>KEITH GARDNER<br>RICHARD SANDERS |
|---|---|
| By:<br>/s/ Robert R. Marcus<br>Robert R. Marcus<br>N.C. State Bar No. 20041<br>/s/ Jeffrey P. MacHarg<br>Jeffrey P. MacHarg<br>N.C. State Bar No. 37546<br><br>SMITH MOORE LEATHERWOOD LLP<br>525 North Tryon Street<br>Suite 1400<br>Charlotte, North Carolina 28202<br>(704) 384-2600<br>(704) 384-2800 fax<br>rob.marcus@smithmoorelaw.com<br>jeff.macharg@smithmoorelaw.com<br><br>REED SMITH LLP<br>Kirsten R. Rydstrom<br>Stephanie L. Hadgkiss<br>225 Fifth Avenue<br>Pittsburgh, PA 15222<br>(412) 288-7258<br>(412) 288-3063 fax<br><br>Attorneys for Morgårdshammar, Inc | By:<br>/s/ Alice Carmichael Richey<br>Alice Carmichael Richey<br>N.C. State Bar No. 13677<br><br>ALICE CARMICHAEL RICHEY, PLLC<br>6525 Morrison Blvd.<br>Suite 402<br>Charlotte, NC 28211<br>(704) 366-6331<br>(704) 749-9995<br>alice@acrichey.com<br><br>By:<br>/s/ Roxanne Matthews Lucy<br>Roxanne Matthews Lucy<br>N.C. State Bar No. 32278<br><br>HORACK, TALLEY, PHARR, & LOWNDES, P.A.<br>301 South College Street<br>2600 One Wachovia Center<br>Charlotte, NC 28202-6038<br>(704) 377-2500<br>(704) 372-2619<br>rlucy@horacktalley.com<br><br>Attorneys for Defendants |