**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:09-cv-00379-RJC-DCK**

| | |
|---|---|
| MORGARDSHAMMAR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CONSENT ORDER |
| ) | |
| DYNAMIC MILL SERVICES ) | |
| CORPORATION, ERNESTO BOSCH, ) | |
| KEITH GARDNER, AND RICHARD ) | |
| SANDERS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon consent of the parties: Plaintiff Morgardshammar, Inc. ("Plaintiff") and Defendants Dynamic Mill Services, Inc. ("DMS"), Ernesto Bosch, Keith Gardner and Richard Sanders (collectively, "Defendants"). The Court being advised in the premises, **IT IS HEREBY ORDERED** that:

1. This Court has jurisdiction over the federal subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this action arises under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq*. This Court has supplemental jurisdiction over the remaining subject matter of this action pursuant to 28 U.S.C. § 1367(a).

2. On or about August 31, 2009, Plaintiff filed a Complaint in this action seeking a preliminary and permanent injunction and damages from Defendants in connection with, among other things, Defendants' alleged infringement and misappropriation of technical drawings and engineering designs allegedly owned by Plaintiff and/or non-parties Morgardshammar AB ("MHAB") and Danieli & C. Officine Meccaniche S.p.A ("Danieli") and exclusively licensed to Plaintiff in the United States (collectively, "the MH Technical Drawings").

3. Defendants shall immediately return or destroy all MH Technical Drawings and any drawings, including DMS drawings, which are derived from the MH Technical Drawings, and any other proprietary information of Plaintiff, MHAB, and/or Danieli in their possession, and verify that they have done so. This includes any documents in the possession of any employees of DMS, including but not limited to, Marsha Sanders. Defendants agree to destroy the hard drives they used to conduct DMS business and will verify that they have done so. Further, Defendants agree to destroy all existing DMS inventory and verify that they have done so.

4. Subject to the provisions of Paragraph 6 below, DMS, and any company formed by the individual Defendants, or any one of them, shall not:

   a. copy, transmit, distribute, use or make any modification, alteration or derivative work of any MH Technical Drawings (or any drawing derived from such drawings). Defendants acknowledge that Plaintiff, MHAB and Danieli consider such manufacturing drawings to be trade secret, proprietary and confidential. This restriction shall not apply to any drawings of rolls or rollers; or

   b. sell or quote any Plaintiff, MHAB or Danieli equivalent parts or equipment which the Defendants have actual knowledge were, are or would be manufactured using the MH Technical Drawings or drawings derived from the same, other than rolls or rollers.

5. Subject to the provisions of Paragraph 6 below, through and including June 30, 2013, Defendants shall not:

   a. copy, transmit, distribute, use or make any modification, alteration or derivative work of any MH Technical Drawings (or any drawing derived from such drawings.) Defendants acknowledge that Plaintiff, MHAB and Danieli consider such drawings to be trade secret, proprietary and confidential. This restriction shall not apply to any drawings of rolls or rollers;

   b. sell or quote any Plaintiff, MHAB or Danieli equivalent parts or equipment which the Defendants have actual knowledge were, are or would be manufactured using the MH Technical Drawings or drawings derived from the same, other than rolls or rollers;

   c. use or work with, or intentionally or knowingly assist others to use or work with, Technicast, Inc. (or any legally related entity, affiliate or shareholder of Technicast, including but not limited to Morgarshammar India) in any capacity to manufacture

        any Plaintiff, MHAB or Danieli equivalent parts or equipment, other than rolls or rollers; or

    d. have any willful, knowing, or intentional involvement in the use of Technicast (or any legally related entity or affiliate of Technicast) by any third party to manufacture Plaintiff, MHAB or Danieli equivalent parts or equipment, other than rolls or rollers. This will preclude Defendants from willfully, knowingly, or intentionally providing information, leads, contacts or strategy to third parties, for the purpose of using Technicast (or any legally related entity or affiliate of Technicast) for the manufacture of Plaintiff, MHAB, or Danieli equivalent parts or equipment.

The foregoing is without prejudice to Plaintiff's right to bring a claim against any of the individual Defendants for any unlawful use of MH Technical Drawings or intellectual property of Plaintiff, MHAB, and/or Danieli which occur after the expiration of this restriction period, subject to any applicable statutes of limitation and any other defenses which Defendants, or any one of them, may have to such claims. This paragraph is not intended to operate as a tolling agreement.

6. Defendants represent and warrant that as of the date of this Consent Order, (i) Defendants have no knowledge of any third party company using Technicast to manufacture Plaintiff, MHAB and/or Danieli replacement parts or equipment in the United States; (ii) Defendants have not disclosed any MH Technical Drawings or DMS drawings in its possession to any third party manufacturer of Plaintiff, MHAB and/or Danieli equivalent parts or equipment other than Technicast or Precision Machine Components, Inc.; and (iii) Plaintiff, MHAB and/or Danieli has advised Defendants and their counsel that Technicast has no authority or permission from Plaintiff, MHAB and/or Danieli to use the MH Technical Drawings to manufacture Plaintiff, MHAB, or Danieli equivalent parts or equipment and that any such wrongful use is irreparably harming Plaintiff, MHAB and/or Danieli.

Notwithstanding the foregoing, this Consent Order does not preclude any of the individual Defendants from working for an independent third party company which: (i) sells or quotes parts for Plaintiff, MHAB and/or Danieli equipment or (ii) manufactures any Plaintiff, MHAB and/or

Danieli equivalent parts or equipment. However, if at any time prior to or after commencing work for such a third party, any Defendant becomes aware that the third party is utilizing Technicast (or any legally related entity or affiliate of Technicast) to manufacture Plaintiff, MHAB and/or Danieli equivalent parts or equipment, such Defendant agrees to provide written notice to such third party company of the restrictions on Defendant set forth herein. Furthermore, notwithstanding the foregoing, this Agreement does not preclude any of the Defendants, or any company formed by the Defendants, from receiving or reviewing any MH Technical Drawing for the purposes of (i) the operation or maintenance of Plaintiff, MHAB and/or Danieli equipment installed at a steel mill to the extent that Defendant is employed by the owner of said steel mill or (ii) the sale or quotation of third party equipment which interfaces with a Plaintiff, MHAB and/or Danieli product so long as the third party equipment quoted or sold is not manufactured from an MH Technical Drawing (or any drawing derived from such drawing(s)).

1. This Consent Order is without prejudice to any prior, now existing or later existing rights that Plaintiff, MHAB and/or Danieli has (or may have) against any company or individual not a party to this Consent Order (including but not limited to Technicast) for any misuse of Plaintiff, MHAB and/or Danieli drawings (and related intellectual property). This Consent Order and the accompanying Settlement Agreement shall not be construed as a "judgment" under N.C. Gen. Stat. § 1B-3(e) that could discharge, limit or in any way restrict present or future claims of MH, in contract, tort, statute or otherwise, whether known or unknown, against any unnamed person or third party (including but not limited to Technicast).

2. Defendants shall pay Plaintiff a lump sum and additional payments as set forth in the parties' Settlement Agreement.

3. The Court shall retain jurisdiction to enforce this Consent Order and the Settlement Agreement.

**IT IS SO ORDERED.**

Signed: December 28, 2010

Robert J. Conrad, Jr.
Chief United States District Judge

**AGREED:**
PLAINTIFF
MORGARDSHAMMAR, INC.

DEFENDANTS
DYNAMIC MILL SERVICES CORPORATION, ERNESTO BOSCH, KEITH GARDNER, AND RICHARD SANDERS

By: s/Jeffrey P. MacHarg

By: s/Alice Carmichael Richey

Jeffrey P. MacHarg
N.C. State Bar No. 37546
SMITH MOORE LEATHERWOOD LLP
525 North Tryon Street, Suite 1400
Charlotte, North Carolina 28202
(704) 384-2600 / (704) 384-2800 fax
jeff.macharg@smithmoorelaw.com

Alice Carmichael Richey
Alice Carmichael Richey, PLLC
6525 Morrison Blvd.
Suite 402
Charlotte, NC 28211
(704) 366-6331
alice@arichey.com

REED SMITH LLP
Kirsten R. Rydstrom
William J. Sheridan
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-7284 / (412) 288-3063 fax
krydstrom@reedsmith.com

Amy Purwin Hunt
Horack Talley
2600 One Wachovia Center
301 South College Street
Charlotte, South Carolina 28202
(704) 377-2500
ahunt@horacktalley.com

*Attorneys for Plaintiff*

*Attorneys for Defendants*